# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| GOLF TECH, LLC AND<br>SPORTS VISION, LLC,<br><br>              PLAINTIFFS<br><br>v.<br><br>EDENS TECHNOLOGIES, LLC,<br>DBA DANCINGDOGG GOLF,<br><br>              DEFENDANT | CIVIL NO. 07-194-P-H |

### AMENDED MEMORANDUM DECISION AND ORDER ON DEFENDANT'S REQUEST FOR LEAVE TO FILE A MOTION TO REOPEN AND REVISE SUMMARY JUDGMENT OR IN THE ALTERNATIVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT ON INVALIDITY[1]

This motion raises the question whether, on the eve of a damages trial, a defendant that has had summary judgment on liability entered against it can vacate that interlocutory liability judgment and obtain summary judgment in its own favor instead; and whether the Federal Circuit imposes standards for such a motion that are different when the underlying question is patent validity. I conclude that the standards are not different in a patent case, and that the defendant here has not met the standards for vacating the summary judgment order previously entered against it. I **DENY** the defendant's motion.

---

[1] The amendment inserts the word "not" in the next to last sentence of the first paragraph on page 2. The sentence now reads: "Golf Tech is not proceeding on the one infringement claim where I denied summary judgment."

**PROCEDURAL POSTURE AND THE DEFENDANT'S ARGUMENT**

In a dispute over patent validity, I granted summary judgment on January 6, 2009, to the plaintiffs, Golf Tech, LLC and Sports Vision, LLC (collectively "Golf Tech"), on a Golf Tech patent, and denied summary judgment to the defendant, Edens Technologies, LLC ("Edens"). Mem. Decision & Order on Mots. for Summ. J. (Docket Item 78). I also granted summary judgment to Golf Tech on liability. I concluded on the undisputed facts that the underlying patent was valid and that Edens had infringed Golf Tech's patent on all Golf Tech's infringement claims but one. As to the latter claim, I concluded that a trial would be necessary to test it. No final judgment was entered. See Fed. R. Civ. P. 54(b). The parties proceeded to engage in discovery over damages and to prepare for a May, 2009, damages trial. Golf Tech is not proceeding on the one infringement claim where I denied summary judgment. Report of Final Pretrial Conf. & Order at 4 (Docket Item 85).

Months after my summary judgment ruling, Edens announced in its April 1, 2009, Final Pretrial Memorandum and confirmed to the Magistrate Judge at the April 13, 2009, Final Pretrial Conference concerning the damages trial, that it planned to file a motion to reopen the January 6 summary judgment decision in Golf Tech's favor on validity, and to ask that I award Edens summary judgment instead. Def.'s Pretrial Mem. at 2-3 (Docket Item 82). It has now filed just such a motion, claiming that it has newly discovered prior art that invalidates Golf Tech's patent. Def.'s Mot. to Reopen & Revise the Court's Summ. J. Order on Validity or in the Alternative a Second Summ. J. Mot. on Invalidity ("Def.'s Mot. to Reopen Summ. J.") (Docket

2

Item 86-18) (Attached to Def.'s Request to File a Mot. under Rule 54(b) to Reopen & Revise the Court's Summ. J. Order on Validity or File a Second Summ. J. Mot. (Docket Item 86) ("Def.'s Request to Reopen Summ. J.")). Edens also asks me to stay the damages trial and all related deadlines while I consider its newly discovered prior art evidence. Id.

Edens asserts that, while investigating the issue of Golf Tech's damages claims after my summary judgment ruling in favor of Golf Tech on liability, it "newly discovered" prior art that invalidates Golf Tech's patent. Def.'s Mot. to Reopen Summ. J. at 2. It also asserts that this newfound prior art was in the public domain more than one year before Golf Tech filed its patent and therefore makes the Golf Tech patent invalid. Def.'s Mot. to Reopen Summ. J. at 2-5; see 35 U.S.C. § 102(b) ("A person shall be entitled to a patent unless . . . the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States"). Edens presents its justification for this late discovery of evidence in the following paragraph of its Reply Memorandum:

> Plaintiffs fault Edens for "a total lack of diligence." First, although none of the relevant standards require a showing of due diligence to reconsider an interlocutory decision before tr[ia]l, Edens was extremely diligent. The new prior art was disclosed to Edens by chance during the damages investigation carried out in response to the Otten Damages Expert Report. Copies of the prior art were immediately forwarded to Plaintiffs. Second, Plaintiffs fail to come up with any evidence of lack of due diligence other than the tautology: since Edens discovered the prior art now, it could have discovered the prior art sooner. But Plaintiffs fail to propose any sort of reasonable systematic search [t]hat would have uncovered these devices. In fact, these third party devices could not have been found searching patent databases, public libraries reference

3

> works or any standard source of prior art. Edens only began searching for them because the Otten Report claimed that there were no "non-infringing alternatives." Edens then stumbled upon decades old sales data generously provided to Edens from Golf Tech competitors GolfTek of Idaho and Miya of Torrance California while Edens was looking for different devices, currently available non-infringing alternative products. Plaintiffs simply gloss over the actual circumstances of the discovery and wrongly misrepresent them as some sort of lack of due diligence.

Def.'s Reply at 4-5 (Docket Item 91) (record citations omitted). (Edens also refers briefly to "the early sales activity of the [prior art] made long before Edens entered the market," Def.'s Request to Reopen Summ. J. at 6, and the fact that, as "a small Michigan based company, [it] can hardly be faulted for failing to earlier uncover sales information from non-party competitors of Plaintiffs doing business in Idaho (GolfTek) and California (Miyamae Co. Ltd.), some of which sales information dates back twenty seven (27) years to 1982," Def.'s Mot. to Reopen Summ. J. at 6.) Edens argues that I must consider this "newly discovered" prior art so as to prevent "manifest injustice" and as a matter of public policy, in part because "[l]itigation of [i]nvalid [p]atents [i]s a [b]light on the [p]ublic [i]nterest of [f]ree [c]ompetition." Def.'s Mot. to Reopen Summ. J. at 1, 7.

Golf Tech opposes the motion.

## ANALYSIS

For reconsideration of interlocutory orders such as my summary judgment order challenged here, this District's Local Rule 7(g) provides:

> A motion to reconsider an interlocutory order of the court, meaning a motion other than one governed by Fed.R.Civ.P. 59 or 60, shall demonstrate that the order was based on a manifest error of fact or law and shall be filed within ten (10) days from the date of the order unless the party seeking a reconsideration shows cause for not filing within

4

> that time. Cause for not filing within ten (10) days from the date of the order includes newly available material evidence and an intervening change in the governing legal standard.

Local Rule 7(g). Edens did not move for reconsideration within ten days of my January 6 summary judgment decision. Therefore, under the Local Rule, Edens must show cause for failing to file within the ten-day window. Unless Edens meets that burden, under the Local Rule I do not reach the question whether the January 6 summary judgment order was "based on a manifest error of fact or law." Under the Local Rule, it is Edens' burden to show cause, not Golf Tech's burden to demonstrate its non-existence. Id.

As noted in the Local Rule, "cause" includes "*newly available* material evidence." Id. (emphasis added). Here, Edens did not uncover the favorable ("favorable," according to Edens) evidence of prior art in time to present it at summary judgment on liability. But that failure does not show that the evidence was previously unavailable. If that alone were the test, every unhappy litigant would have an incentive to go looking for new evidence after an unfavorable ruling, and litigation would never come to an end. The fact that this newly discovered early sales activity took place "in the public domain," see Def.'s Mot. to Reopen Summ. J. at 2, shows that its discovery was not beyond the realm of reasonable diligence.[2] See Coffin v. Bowater Inc., 2005 WL 3021979, at *1 (D. Me. Nov. 10, 2005) ("[A]dvancing new arguments or supporting facts which were otherwise available when the original summary

---

[2] According to the Supplemental Statement of Material Facts that Edens would file if I allowed it to reargue summary judgment, some of the devices were "on sale and in public use in the United States" before September 14, 2000, and their data sheets, U.S. price list publication, Owner's Manual or instructions were "freely . . . available to the public." Def.'s Supplemental Statement of Material Facts ¶¶ 3-4, 14-15, 25-26 (Docket Item 86-19) (Attached to Def.'s Request to Reopen Summ. J.). One was featured in a 1982 Playboy Magazine. Id. ¶ 23.

5

judgment motion was briefed is . . . inappropriate." (quoting <u>Van Skiver v. United States</u>, 952 F.2d 1241, 1243 (10th Cir. 1991))).  Edens admits that it uncovered the prior art while attempting to challenge Golf Tech's expert's assertion that "non-infringing alternatives" did not exist for Golf Tech's product.  Def.'s Reply at 5.  Edens gives no explanation as to why it could not have conducted a similar investigation during the summary judgment stage, going to Golf Tech's competitors then.  Edens therefore fails to show the necessary cause under Local Rule 7(g).

If Local Rule 7(g) does not control or is not enforceable for any reason, it is important to note that Rule 60(b) of the Federal Rules of Civil Procedure does not apply here, because there has been no final judgment.  Fed. R. Civ. P. 60(b).  The First Circuit has said that Rule 59(e) also does not apply "to motions for reconsideration of interlocutory orders from which no immediate appeal may be taken."  <u>Nieves-Luciano v. Hernandez-Torres</u>, 397 F.3d 1, 4 (1st Cir. 2005).  The summary judgment here on liability was just such an order.

Rule 54(b) of the Federal Rules of Civil Procedure provides that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  The Supreme Court says that an interlocutory order "is subject to reopening at the discretion of the district judge."  <u>Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 12 & n.14 (1983).  The First Circuit[3] says that such requests "do not necessarily fall within any specific

---

[3] In patent cases, for procedural matters not unique to patent law, the Federal Circuit does not apply special rules, but follows regional circuit law.  <u>Innogenetics, N.V. v. Abbott Labs.</u>, 512
*(continued on next page)*

6

Federal Rule. They rely on "'the inherent power of the rendering district court to afford such relief from interlocutory judgments . . . as justice requires.'" Greene v. Union Mut. Life Ins. Co. of Am., 764 F.2d 19, 22 (1st Cir. 1985) (quoting Dow Chem., USA v. Consumer Prod. Safety Comm'n, 464 F. Supp. 904, 906 (W.D. La. 1979)).[4] The First Circuit too leaves the decision on such a request to the district court's discretion. Geffon v. Micrion Corp., 249 F.3d 29, 38 (1st Cir. 2001).[5] It has gone on to say that there is no "precise definition," for what justice requires, but that a court assessing the "interests of justice" should consider the following:

> (1) the nature of the case, (2) the degree of tardiness, (3) the reasons underlying the tardiness, (4) the character of the omission, (5) the existence vel non of cognizable prejudice to the nonmovant in consequence of the omission, (6) the effect of granting (or denying) the motion on the administration of justice, and (7) whether the belated filing would, in any event, be more than an empty exercise.

United States v. Roberts, 978 F.2d 17, 21-22 (1st Cir. 1992). I consider these factors here, in addition to my analysis under the Local Rule.

---

F.3d 1363, 1371 (Fed. Cir. 2008).

[4] Likewise, the Advisory Committee Note to Rule 60 also says that "interlocutory judgments are not brought within the restrictions of [Rule 60], but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." Fed. R. Civ. P. 60 advisory committee's note (1946).

[5] Cases like Fisher v. Trainor, 242 F.3d 24, 29 n.5 (1st Cir. 2001) (first denying summary judgment, then granting it later on an amplified record), are not entirely apposite. Sometimes a summary judgment motion is filed and denied before discovery is complete. It is not surprising that upon a complete record at the end of discovery, a different decision would result. Moreover, a later grant of summary judgment (after an earlier denial) does save party and judicial resources since presumably the same outcome would take place at the close of the plaintiff's case upon motion for judgment as a matter of law. Here, Edens does argue that resources can be saved because in fact it is entitled to summary judgment itself, thus obviating a damages trial. But this is not a case where summary judgment was confronted early and then, upon completion of discovery, confronted a second time on an amplified record. Instead, here the Magistrate Judge's scheduling order required all discovery on liability to be completed before summary judgment motions. That discovery was completed, the motions were briefed, and I ruled based upon the summary judgment record then presented. The parties and I all intended that to be a final ruling. Now, in the later damages phase of the case, Edens wants to go back and revisit the original record, the original arguments, and the original ruling.

1.     **Nature of the Case**

Patent cases obviously are important because patent law determines what intellectual property is protected and how, an issue centrally important to the economy of the country.  Incorrect decisions about patent validity can result in too much or too little protection.  But the Federal Circuit has noted that there must be "a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." Hutchins v. Zoll Med. Corp., 492 F.3d 1377, 1386 (Fed. Cir. 2007).  As a result, even in patent cases the Federal Circuit routinely enforces traditional judicial rules concerning the orderly progress of litigation, which may result in the exclusion of relevant evidence that could determine a patent case's outcome.[6] See, e.g., id. (affirming a district court's denial of a late motion to amend a complaint, because the decision was "within the parameters of 'a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done'"); Pandrol USA, LP v. Airboss Ry. Prods., Inc., 424 F.3d 1161, 1167 (Fed. Cir. 2005) (affirming a district court decision to exclude evidence of prior art because the late disclosure of the evidence amounted to a waiver of a defense of invalidity based on obviousness); Lamle v. Mattel, Inc., 394 F.3d 1355, 1359 n.1 (Fed. Cir. 2005) (argument waived when first presented in motion for reconsideration in district court); ATD Corp. v. Lydall, Inc., 159 F.3d 534, 550-51 (Fed. Cir. 1998) (upholding district court's exclusion of prior art evidence where evidence was submitted late).  I conclude

---

[6] Edens implies that a decision against it leaves an invalid patent wreaking havoc in the economy.  But my ruling does not prevent others from attacking the validity of the patent, only Edens.

8

that the nature of the case here, patent law, does not call for a court to ignore the standard rules for orderly case processing.

### 2. Degree of Tardiness
### 3. Reasons for Tardiness

Until this motion, this case was proceeding in an orderly fashion. The Magistrate Judge issued a Scheduling Order that established discovery deadlines for all liability-related discovery, and Markman[7] briefs. Am. Scheduling Order (Docket Item 28). He also directed that all dispositive motions be filed within fourteen days of the claim construction ruling. Id. at 3. Only damages discovery was deferred, with deadlines keyed to the date the dispositive ruling issued. The liability discovery deadline passed. After a Markman hearing, I issued a Memorandum Decision on Claims Construction (Docket Item 43) on August 15, 2008; then the parties briefed their cross-motions for summary judgment. At that time, Edens had the opportunity to present all its evidence and arguments about the validity of Golf Tech's patent. It did not present this "newly discovered" evidence then, nor upon the issuance of summary judgment in January of 2009, but waited until April, the eve of the ensuing damages trial to alert the court to its existence. Edens' only excuse seems to be that it did not previously think to seek information from Golf Tech's competitors, and only happened upon this evidence when it went to them in search of evidence to contest Golf Tech's damages case. The degree of tardiness here is severe, and the reasons for it are weak. By Edens' own assertions, all this "new" information was in the public domain and available to

---

[7] Construction of patent claims is within the province of this court pursuant to Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996).

one who diligently investigated. see Def.'s Mot. to Reopen Summ. J. at 2; Def.'s Reply at 4-5. The Court of Appeals has expressly cautioned that "[t]he longer a litigant dawdles, the less incentive exists for a court to reconsider." Roberts, 978 F.2d at 22.

### 4. Character of the Omission

The omission here was Edens' failure to investigate the case thoroughly in a timely manner and to present the relevant evidence to the court and opposing counsel. That is a glaring omission, causing the unnecessary expenditure of resources and delay, and there is no satisfactory excuse.

### 5. Prejudice to the Other Party

The prejudice here is severe. Granting reconsideration would make a nullity of all the previous time and legal fees Golf Tech spent in litigating the original summary judgment motions, as well as the time it spent in discovering and preparing for a damages trial.

### 6. Effect on the Administration of Justice

If I grant Edens' motion, then all the earlier judicial efforts in studying the summary judgment record and writing an opinion will go for naught, as well as all the court's case management resources associated with them. More important, such a decision would give a green light to all future litigants who lose a ruling of any sort, to redouble their efforts to find new evidence that they lacked before, then come back to court and ask for a second bite at the apple. Here, discovery on all liability issues was complete before the parties argued summary judgment. My summary judgment ruling was supposed to set the stage for what followed, not be an invitation to start over. The need for stability

and repose argues in favor of rejecting Edens' attempt to litigate its summary judgment liability case once again. Although this is not a Rule 59 motion, the First Circuit's comments in that context are pertinent here: the discretion of Rule 54 "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Hayden v. Grayson, 134 F.3d 449, 455 n.9 (1st Cir. 1998) (quoting Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997)). Or, in the more blunt words of the Seventh Circuit:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995). In this particular case, granting the motion would cause more delay, for more discovery would be required on the new evidence, and another round of summary judgment briefing and then judicial decision.

### 7. Whether Permitting the Filing Would be More Than an Empty Exercise

The question of whether prior art makes a patent invalid (here because of anticipation) is a complex, sophisticated issue to resolve. To make a determination now—as to whether Edens' motion for reconsideration based on its new evidence would be more than an empty exercise—would compel me to engage in that very complexity and sophistication and thereby submerge the previous six factors. Undoubtedly there are cases where this seventh factor can be answered relatively easily, but not patent cases. Given the discretion

11

permitted by the Supreme Court and the First Circuit, and given the Federal Circuit procedural rulings I have described, I conclude that in this case I do not need to preview the substance of Edens' new evidence and arguments. Edens too argues that this is not a relevant requirement. Def.'s Request to Reopen Summ. J. at 6, 9.

## CONCLUSION

In sum, I disagree with Edens that public policy and the interests of justice demand that I reopen the January summary judgment order on patent invalidity. Here, the summary judgment cross-motions were thoroughly briefed by both parties after full discovery on liability. I devoted extensive time and effort to resolving them based on the summary judgment record presented to me. To re-open that decision now would make a waste of the parties' and the court's time and effort. Moreover, absence of a principle to explain why this case deserves such treatment while others do not would invite a host of such motions in the future at expense to the litigants and great cost to judicial and court resources.

I **GRANT** Edens' request for leave to file a motion under rule 54(b) to reopen and revise the January 6, 2009, summary judgment order on validity, but I **DENY** the resulting motion to reopen and revise. I likewise **DENY** Edens' request to file a second summary judgment motion on invalidity. I **DENY** the motion to stay all trial and pretrial dates.

**SO ORDERED.**

**DATED THIS 30TH DAY OF APRIL, 2009**

/S/D. BROCK HORNBY

**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**